```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MARILYN BOSCO o/b/o B.B.,

         Plaintiff,

     -v-                                              No.  10 Civ. 7544(LTS)

CAROLYN L. COLVIN[1], Commissioner
Of Social Security,

         Defendant.

--------------------------------------------------------x
```

MEMORANDUM ORDER

    Plaintiff Marilyn Bosco ("Plaintiff" or "Bosco") brings this action against the Commissioner of Social Security ("Defendant" or the "Commissioner"), seeking to overturn the determination of the Social Security Administration ("SSA") that her minor child, B.B., is not entitled to child's survivor insurance benefits on the wage-earnings record of Plaintiff's deceased husband.  The crux of the issue is whether B.B., who was born by means of in vitro fertilization after the death of his biological father, qualifies as the father's "child" under 42 U.S.C. §§ 402(d)(1), 416(e) and 416(h)(2)(A).  The parties filed cross-motions for judgment on the pleadings and, on February 19, 2013, Magistrate Judge Dolinger issued a Report and Recommendation (the "Report") recommending that judgment be entered in favor of Defendant.

    Despite upholding the SSA's denial of benefits, Magistrate Judge Dolinger found that, in deciding Plaintiff's application for benefits, the SSA applied an incorrect version of New York intestacy law.  SSA regulations require Defendant to "apply the version of State law in

---

[1]   Carolyn L. Colvin is substituted for former Commissioner Michael J. Astrue as the party defendant, pursuant to Fed. R. Civ. P. 25(d)(1).

effect when [the agency makes its] *final decision* on [an] application for benefits." 20 C.F.R. § 404.355(b)(4) (emphasis added).  Here, an Administrative Law Judge ("ALJ") denied Plaintiff's application for benefits in October 2009.  Plaintiff sought review from the SSA's Appeals Council, and the Appeals Council denied review on May 13, 2010.  Defendant argues that when the Appeals Council denies review of an ALJ's decision, the date of the agency's "final decision," for purposes of 20 C.F.R. § 404.355(b)(4), is the date of the ALJ's decision.  (Def.'s Objections at 1-2.)  Judge Dolinger disagreed, finding that the date the Appeals Council denied review was the date of the agency's final decision, and that, in deciding Plaintiff's application for benefits, the SSA should have applied an amended version of New York intestacy law that became effective in April 2010 (shortly before the Appeals Council's denial of review), rather than a 1994 version of the law.[2] (Report at 23-24.)  Nevertheless, Judge Dolinger ultimately agreed with Defendant that B.B. is ineligible to inherit from his father, and that neither the 1994 nor the 2010 version of New York intestacy law would have qualified B.B. to receive survivor benefits.  (Id. at 36.)  Defendant has filed timely objections to only the part of the Report finding that the Commissioner's final decision was rendered on the date that the Appeals Council denied review.  The Court has received no objections from Plaintiff.

---

[2] Under 42 U.S.C. § 416(h)(2)(A), an applicant is eligible to receive child's survivor insurance benefits through a deceased, insured worker, only if the intestacy law of the deceased's domiciliary state would recognize the applicant as a "child" of the deceased.  A "child" under New York intestacy law must be the deceased's legitimate issue.  N.Y. EST. POWERS & TRUSTS LAW § 4-1.2.  The 1994 version of New York's intestacy law required a claimant to show both "clear and convincing evidence" of paternity and "open and notorious acknowledgment" by the deceased.  Under the amended 2010 version of the law, however, a qualifying child needs only to meet one of these two prongs.  Since B.B.'s paternity has been established by clear and convincing evidence, but Plaintiff's late husband did not openly and notoriously acknowledge B.B., B.B. would qualify as the deceased's legitimate issue under the amended 2010 intestacy law, but not under the 1994 law.

When reviewing a Report, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 1993). Where no timely objection has been made, the district court will review the Report strictly for clear error. Watson v. Astrue, 08 Civ. 1523, 2012 WL 1645060, at *1 (S.D.N.Y. Apr. 22, 2010). However, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The Court has carefully reviewed Magistrate Judge Dolinger's thorough Report and Recommendation and finds no clear error in the unchallenged parts of the Report. The Court therefore adopts those parts of the Report. Defendant does not object to Magistrate Judge Dolinger's ultimate finding that, regardless of the applicable version of New York intestacy law, Plaintiff's application for benefits was correctly denied. Therefore, it is not necessary for the Court to resolve Defendant's limited objection to the proper interpretation of "final decision."

Accordingly, the Court adopts all aspects of the Report, except for the Report's reasoning on the issue of when a "final decision" is rendered. Defendant's decision to deny Plaintiff's application for benefits is affirmed. This Memorandum Order resolves docket entry no. 10. The Clerk of Court is respectfully requested to enter judgment dismissing the complaint, and close this case.

SO ORDERED.

Dated: New York, New York
       July 3, 2013

          /S          
LAURA TAYLOR SWAIN
United States District Judge